UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MARY DALEY, et al.,** : | **Civil Action No. 06-596(AET)** |
| : | |
| **Plaintiffs,** : | |
| : | |
| v. : | **MEMORANDUM OPINION** |
| : | |
| **COMMUNITY MEDICAL CENTER,** : | |
| **INC. and ST. BARNABAS MEDICAL** : | |
| **CENTER, INC.,** : | |
| : | |
| **Defendants.** : | |
| _____ : | |

**HUGHES, U.S.M.J.**

This matter is before the Court upon the Motion of Plaintiffs Mary Daley, Karen A. Seneca, Robert J. Resetar, Jr., Phyllis Smith, Joseph Giberson, IV, Susan Amburgery, Marc Bellucci, Dennis W. Smith, John Doyle, Michael Dierking, Kathy Dierking, Sandra Monaghan, Chris Divver, Brian Geoghegan, Jane Geoghegan, Kevin Geoghegan, Glenn MacDonald, Chris Carrieri, Marge Roberts, and John/Jane Doe ("Plaintiffs") for Leave to File a First Amended Complaint.  Plaintiffs propose to amend their complaint to add a violation of the Employment Retirement Income Security Act, 29 U.S.C. § 1001, et seq. ("ERISA") and the following five state law claims: (1) Fraudulent Concealment; (2) Negligent Misrepresentation; (3) Promissory Estoppel; (4) Unjust Enrichment; and (5) Breach of Fiduciary Duty.  Plaintiffs also seek to convert the fraud count in their original complaint into Count One - Fraudulent Misrepresentation.  Defendants Community Medical Center, Inc. and St. Barnabas Medical Center, Inc. ("Defendants") oppose the motion, arguing that Plaintiffs failed to plead fraud with particularity and failed to plead claims upon which relief can be granted. The Court reviewed the written submissions of the parties and conducted oral argument on December 11, 2006.  For the reasons that follow, Plaintiffs' Motion for Leave to File a First

Amended Complaint is granted in part and denied in part.

I.     BACKGROUND AND PROCEDURAL HISTORY

A.     *Factual Background*

Plaintiffs were employees and paramedics in the Mobile Intensive Care Unit ("MICU") of Defendant Community Medical Center, Inc. ("CMC"), a non-profit accredited acute care hospital in New Jersey. (Pls.' Compl. at ¶¶ 1-21). In May 2003, Defendants and Monmouth-Ocean Hospital Service Corporation ("MONOC") entered into negotiations regarding MONOC's acquisition of CMC's Emergency Medical Services division. (Pls.' Compl. at ¶ 23). Plaintiffs contend that Defendants breached their severance plan and made false representations regarding the implications of a merger between MONOC and CMC. (See Pls.' Compl.).

On March 15, 2002, Nancy Jusko, CMC Administrative Secretary, distributed to all CMC employees a memorandum regarding the Human Resources Policy and Procedure Manual. (Pls.' Compl. at ¶ 26). Ms. Jusko advised that CMC would inform employees of new or changed policies via e-mail. Id. Plaintiffs contend that CMS made its decision to consolidate with MONOC in late September 2003 but purposely misrepresented to Plaintiffs that a decision was not finalized until December 2003. (Pls.' Compl. at ¶ 23). In October 2003, Defendants made changes to their longstanding severance policy for non-executive, exempt, non-exempt, and non-union employees. (Pls.' Compl. at ¶ 24; Pls.' Ex. A). Specifically, on October 1, 2003 an amendment to the policy added specific eligibility requirements for severance that were not included in the January 1999 Severance Policy. (See Pls.' Ex. A, C). Plaintiffs contend that they were not notified of the changes. (Pls.' Compl. at ¶ 26).

On October 17, 2003, Nancy Wollen, Executive Director of CMC, distributed an internal

memorandum to all employees advising that CMC was "reviewing several different models for the delivery of pre-hospital care, but . . . that no formal agreement had been signed." (Pls.' Compl. at ¶ 27). Ms. Wollen further advised CMC employees on October 23, 2003 that CMC was in discussions with MONOC regarding integration of pre-hospital services. (See Pls.' Ex. G). On November 24, 2003, Ms. Wollen advised CMC employees that CMC's Emergency Medical Services ("EMS") Department would be meeting with MONOC representatives to discuss the proposed merger. (Pls.' Compl. at ¶ 29). At a MICU EMS staff meeting on November 25, 2003, Plaintiffs contend that Mr. Resetar, Director of the EMS Division, stated, "Everyone in this room has a job. Either the same position or better than they have today." (Pls.' Compl. at ¶ 30).

On December 4, 2003, Ms. Wollen sent an internal memorandum to all CMC employees advising of the "recent decision to consolidate Community Medical Center's MICU with MONOC" and informing employees that the consolidation would be effective on January 1, 2004. (See Pls.' Ex. L; Pls.' Compl. at ¶ 32). At a MICU EMS staff meeting on December 16, 2003, Mr. Resetar informed employees that the date of the merger with MONOC had been changed to December 28, 2003. (See Pls.' Ex. M). Plaintiff employees were further advised that they would not be eligible for a severance package if they refused an offer of employment with MONOC. (Pls.' Compl. at ¶ 33). At this meeting, Plaintiffs also received information indicating that MONOC would not provide employees with a 401/403b plan or pension benefits. Id.

On December 23, 2003, Plaintiffs were instructed by CMC to submit an application to MONOC which would effectively sever their employment with CMC. (Pls.' Compl. at ¶¶ 34-35). Vince Robbins, President and CEO of MONOC submitted a memorandum to all staff advising that the deadline for submitting applications was extended until December 29, 2003. (Pls.' Compl. at

¶ 37). In this memorandum, Mr. Robbins stated, in part, that MONOC's health benefits plan requires contribution from employees, unlike CDC's plan, and that MONOC only allowed CMC employees to bring over a portion of their Paid Time Off days. (Pls.' Compl. at ¶ 38).

## B.   *Procedural History*

On December 27, 2005, Plaintiffs filed a complaint with the Superior Court of New Jersey, Law Division alleging the following causes of action: (1) Breach of contract; (2) Breach of implied covenant of good faith and fair dealing; (3) Fraud; and (4) Age discrimination. (See Pls.' Compl.). Plaintiffs contend, in part, that their "severance of employment with CMC entitled Plaintiffs to a severance package" which they never received. (Pls.' Compl. at ¶ 35). On February 7, 2006, Defendants removed the case from the Superior Court of New Jersey to this Court. (Giles Certif. at ¶ 3; Docket no. 06-596, entry no. 1). Defendants' basis for removal was that the Severance Plan is governed by ERISA which provides federal jurisdiction. (Docket no. 06-596, entry no. 1). Defendants filed an Answer to Plaintiffs' Complaint on March 1, 2006. (Docket no. 06-596, entry no. 3).

On March 24, 2006, counsel for both parties submitted a Joint Discovery Plan in anticipation of an Initial Scheduling Conference. In the Joint Discovery Plan, Plaintiffs stated their intention to file a First Amended Complaint adding the following additional causes of action: (1) Fraudulent misrepresentation; (2) Fraudulent concealment; (3) Negligent misrepresentation; (4) Promissory estoppel; and (5) Breach/violation of ERISA. (Giles Certif. at ¶ 4; Exhibit A). At the Initial Scheduling Conference, this Court ordered a stay of formal discovery pending the outcome of two settlement conferences ordered to take place on or before May 26, 2006 and June 28, 2006. (Giles Certif. at ¶ 5).

The parties did not reach settlement, and on September 22, 2006, Plaintiffs filed a Motion for Leave to File an Amended Complaint. (Docket no. 06-596, entry no. 7). Plaintiffs proposed to make certain factual changes to the Complaint as well as add six causes of action. In Counts 3 through 9, Plaintiffs sought leave to add five causes of action relating to Defendants' alleged misrepresentations, breach of fiduciary duty, and fraudulent concealment and a violation of ERISA claim. Defendants opposed the Motion, arguing that Plaintiffs' proposed state law claims were preempted by ERISA, and oral argument was held on October 16, 2006. In an Order filed on October 17, 2006, this Court denied Plaintiffs' motion without prejudice, holding that Plaintiffs' state law claims were related to the severance plan and therefore, preempted by ERISA. (See Docket no. 06-596, entry no. 10).

Plaintiffs filed the present motion to amend their Complaint on November 10, 2006. (Docket no. 06-596, entry no. 12). Plaintiffs seek to amend their Complaint to add a breach of ERISA claim and five state law claims. (Pls.' Mem. at 6). Plaintiffs contend that the two fraud claims are not before the Court on this Motion to Amend because fraud was plead in the original Complaint. (Pls.' Reply Br. at 8). Plaintiffs argue that, if the fraud claims are reached, then they were plead with sufficient particularity pursuant to Federal Rule of Civil Procedure 9(b). Id. Plaintiffs further argue that the remaining state law claims were properly plead. Id. Defendants claim that Plaintiffs have not plead fraud with particularity and have failed to plead damages. (Defs.' Opp. Br. at 1). Defendants further argue that Plaintiffs' remaining state law claims make no sense in this action and therefore, Plaintiffs' motion to amend should be denied. Id.

## II. DISCUSSION

Plaintiffs seek to add to their Complaint a Breach and Violations of ERISA claim and the

5

following five state law claims: (1) Fraudulent Concealment; (2) Negligent Misrepresentation; (3) Promissory Estoppel; (4) Unjust Enrichment; and (5) Breach of Fiduciary Duty.  (Pls.' Mem. at 6). Plaintiffs also seek to remove the following three state law claims from their original Complaint: (1) Breach of Contract; (2) Breach of Implied Covenant of Good Faith and Fair Dealing; and (3) Age Discrimination.  (Pls.' Mem. at 6-7).  Finally, Plaintiffs seek to amend Count Three, Fraud, by converting it into Count One, Fraudulent Misrepresentation.  (Pls.' Mem. at 7).

Defendants oppose the proposed amendments as to the state law causes of action asserted. Defendants argue that Plaintiffs' fraud claims are deficient because they have not been pled with particularity and they fail to plead damages.  (Defs.' Opp. Br. at 1).  Defendants further argue that Plaintiffs' claims of promissory estoppel, unjust enrichment, and breach of fiduciary duty "simply make no sense in the context of this action."  Id.

Plaintiffs respond that the fraud claims were included in the original Complaint and therefore, can only be removed by means of a motion to dismiss or other similar motion.  (Pls.' Reply Br. at 8).  Assuming the fraud claims are reached by the Court, Plaintiffs state that the circumstances constituting fraud were plead with particularity pursuant to Federal Rule of Civil Procedure 9(b). Id.  Plaintiffs further state that the remaining state law claims were properly plead because Plaintiffs are not required to provide facts in the complaint that establish or prove the elements of those claims. Id.

A.      *State Law Claims*

Federal Rule of Civil Procedure 15 provides that leave to amend a Complaint "shall be freely given when justice so requires."  FED. R. CIV. P. 15(a).  The decision whether to grant or deny a motion for leave to amend "rests within the sound discretion of the district court."  Rolo v. City

6

Investing Co. Liquidating Trust, 155 F.3d 644, 654 (3d Cir. 1998). The Court can deny a motion to amend if (1) there has been undue delay, bad faith, or dilatory motive, (2) if the amendment would be futile, or (3) if there would be prejudice to the other party. Hill v. City of Scranton, 411 F.3d 118, 134 (3d Cir. 2005); Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988).

In the present case, there is no suggestion of undue delay, bad faith, or dilatory motive on the part of Plaintiffs in seeking to amend their Complaint at this point in the litigation. Similarly, Defendants do not argue that they would be prejudiced if Plaintiffs' motion to amend were granted. Defendants do, however, argue that Plaintiffs' proposed amendments would be futile.

"'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." In re Burlington Coat Factory Securities Litig., 114 F.3d 1410, 1434 (3d Cir. 1997); see also Onyiuke v. New Jersey State Supreme Court, 435 F. Supp. 2d 394, 403 (D.N.J. 2006) ("An amendment is considered futile 'if the amendment will not cure [any] deficiency in the original complaint or if the amended complaint cannot withstand a motion to dismiss.'"). Therefore, the same standard for legal sufficiency applies in determining futility and in evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) ("In assessing 'futility,' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)."); see also Lesser v. City of Cape May, 110 F. Supp. 2d 303, 331 (D.N.J. 2000).

In analyzing whether a complaint fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), "a court must reasonably read the complaint and decide whether the plaintiff has pled a cognizable cause of action entitling it to relief." Onyiuke, 435 F. Supp. 2d at 404. For the purposes of this analysis, a court "accepts as true all of the well-pleaded

factual allegations within the complaint and any reasonable inferences drawn therefrom." Id.  If the proposed amendment is not clearly futile, then denial of the motion to amend is improper.  Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463, 468 (D.N.J. 1990).

In the present matter, the Court has analyzed Plaintiffs' pleadings and, for the purposes of this motion, has accepted as true all of Plaintiffs factual allegations and reasonable inferences drawn therefrom.  In doing so, the Court finds that Plaintiffs' motion to amend would not be futile as to fraudulent misrepresentation and fraudulent concealment.  Plaintiffs have plead fraud with sufficient particularity pursuant to Rule 9(b).  The Court further finds that negligent misrepresentation was plead by Plaintiffs' with sufficient factual allegations to withstand a motion to dismiss.  The Court finds, however, that Plaintiffs' remaining state law claims, promissory estoppel, unjust enrichment, and  breach of fiduciary duty, would not survive a motion to dismiss.  Therefore, Plaintiffs' motion to amend, as it relates to these three state law claims, would be futile.

    1.  **Fraudulent Misrepresentation and Fraudulent Concealment**

Plaintiffs assert that the Court should not reach the issue of fraud because they plead fraud in their original Complaint.  Pls.' Reply Br. at 6, 9.  Plaintiffs argue that instead of trying to eliminate fraud from the Complaint through opposition to a motion to amend, Defendants must file a motion to dismiss or other similar motion.  Id.  Although Plaintiffs did plead fraud in their original Complaint, they now seek to plead fraudulent concealment as well as convert the fraud claim in their original complaint into fraudulent misrepresentation.  Therefore, because Plaintiffs are seeking to amend their original pleadings regarding their claim of fraud and are now seeking to include two separate causes of action based in fraud instead of the single claim of fraud plead in their original Complaint, the Court will reach the issue of fraud in this motion to amend.

Federal Rule of Civil Procedure 9(b) governs the pleading of fraud and provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." FED. R. CIV. P. 9(b). Although plaintiffs must plead with particularity the "circumstances" of the alleged fraud, they "need not, however, plead the 'date, place or time' of the fraud, so long as they use an 'alternative means of injecting precision and some measure of substantiation into their allegations of fraud.'" Rolo, 155 F.3d at 658 (quoting Seville Indus. Mach. v. Southmost Mach., 742 F.2d 786, 791 (3d Cir. 1984)).

The Third Circuit advised courts that this rule should be applied with some flexibility without requiring plaintiffs "to plead issues that may have been concealed by the defendants." Id. See Seville, 742 F.2d at 791 (holding that plaintiff met this standard because the nature and subject of each alleged misrepresentation was sufficiently plead even though plaintiff did not describe the precise words used); cf. Saporito v. Combustion Eng'g, 843 F.2d 666 (3d Cir. 1988) (holding that plaintiffs did not satisfy the standard because they did not adequately allege who made the fraudulent statements or who received the allegedly fraudulent information). If plaintiffs fail to plead certain facts that may have been concealed by defendants, the Third Circuit has held that "at the very least plaintiffs must allege that the necessary information lies within defendants' control." Shapiro v. UJB Fin. Corp., 964 F.2d 272, 285 (3d Cir. 1992). Further, "plaintiffs must accompany such an allegation with a statement of facts upon which their allegation is based." Id. (citing 2A James W. Moore & Jo D. Lucas, Moore's Federal Practice para. 9.03[1] at 9-29 to 9-29 (1991) ("where the facts are in the exclusive possession of the adversary, courts should permit the pleader to allege the facts on information and belief, provided a statement of the facts upon which the belief is founded is

9

proffered")).

In <u>Mardini v. Viking Freight, Inc.</u>, 92 F. Supp. 2d 378 (D.N.J. 1999), the Court dismissed plaintiff's cause of action alleging fraud against defendant employer because plaintiff failed to plead fraud with specificity. 92 F. Supp. 2d at 385. The Court found that plaintiff made only conclusory statements that did not meet the particularity standard in Rule 9(b). <u>Id.</u> Plaintiff's pleadings offered "no indication of who made [the statements], what specific misrepresentations were made, and when these statements occurred." <u>Id.</u> The Court further explained that in order to "articulate a cause of action for fraud, a plaintiff must show that the defendants made 'a material representation of a presently existing or past fact, . . . with knowledge of its falsity and with the intention that the other party rely thereon, resulting in reliance by that party to his detriment.'" <u>Id.</u> Fraud claims implicating future events are acceptable if the defendant is alleged to have misrepresented the present intent of future performance on a promise at the time the promise was made. <u>Lightning Lube v. Witco Corp.</u>, 4 F.3d 1153, 1186 (3d Cir. 1993) (citing <u>Anderson v. Modica</u>, 4 N.J. 383, 391 (N.J. 1950)).

In the present matter, Plaintiffs plead fraudulent misrepresentation and fraudulent concealment with sufficient particularity under Rule 9(b). Unlike the plaintiffs in <u>Mardini</u>, <u>Saporito</u>, and <u>Seville</u>, Plaintiffs here have identified in their Complaint who made the allegedly fraudulent statements, who received them, when they were received, and the precise words used. For example, in their proposed Amended Complaint, Plaintiffs asserted that "on or about October 17, 2003, Nancy L. Wollen, Executive Director of CMC, sent an internal memorandum to all CMC employees" indicating that no acquisition agreement had been reached. <u>See</u> Pls.' Proposed Amended Compl. at ¶ 27. Plaintiffs contend that an agreement between CMC and MONOC had in fact been reached in September 2003. Although Plaintiffs' contention that an agreement had been reached in

10

September 2003 is based on information and belief, as stated in Plaintiffs' Proposed Amended Complaint at paragraph 23, Plaintiffs have provided the factual basis for this assertion as required in Shapiro. For example, Plaintiffs assert that rumors began circulating among employees of CMC regarding the acquisition in September 2003 and that Defendants abruptly and without notice changed its longstanding severance plan in October 2003, which benefitted them in the acquisition. See Pls.' Proposed Am. Compl. at ¶¶ 23-24.

Although dates, times and places are not necessary under Rule 9(b), Plaintiffs further include paragraphs in their proposed Amended Complaint regarding specific memoranda distributed by specific individuals to Plaintiffs on specific dates. Id. at ¶¶ 28-30. Plaintiffs' proposed Amended Complaint alleges that Defendants made repeated misrepresentations to CMC employees regarding the merger between CMC and MONOC and the implications of this agreement on employee benefits. Id. Plaintiffs further provide assertions regarding Defendants' knowledge of the falsity of the statements and Defendants' intention that Plaintiffs would rely on these misrepresentations. Id. at ¶¶ 23, 27-30. Defendants' knowledge of the falsity of the statements made to Plaintiff employees, that no deal had been reached between CMC and MONOC prior to December 2003, could be demonstrated by changes to the severance policy in October 2003, which appeared to benefit both CMC and MONOC in their acquisition agreement. Id. at ¶ 30; see also id. at ¶¶ 57-60 (similar allegations regarding claims of fraudulent concealment).

Plaintiffs also include in their proposed Amended Complaint the circumstances regarding their reliance on these representations and subsequent detriment as a result. Plaintiffs allege that they were "induced to believe they would be employed by MONOC in the same or better positions of employment than their prior positions at CMC in terms of salaries, wages, employment benefits, and

job duties and titles, as was represented to them by Defendants." Id. at ¶ 53. Plaintiffs further allege to have suffered "substantial financial damages including, *inter alia*, substantial losses of employment benefits, reduced salaries and wages, financial damages relating to obtaining positions of employment with MONOC that are lower in terms of organizational hierarchy, and different job duties and titles than Plaintiffs' previous positions at CMC." Id. at ¶¶ 54, 60. Therefore, accepting Plaintiffs' pleadings as true under Federal Rule of Civil Procedure 12(b)(6) when evaluating futility, the Court finds that Plaintiffs plead fraud with sufficient particularity under Rule 9(b).

Although Plaintiffs may not provide enough factual details to prove these causes of action at trial, the standard for leave to amend a complaint does not require that they do so. Plaintiffs are only required to plead the "circumstances" constituting fraud with particularity pursuant to Rule 9(b). Further, when determining whether the motion to amend would be futile, the Court accepts as true Plaintiffs' pleaded factual allegations and any reasonable inferences from those allegations. A fair reading of the plain language of Plaintiffs' proposed amended pleadings demonstrate the possibility that Defendants knew an agreement had been reached between CMC and MONOC in September 2003, misrepresented to Plaintiffs that the agreement was not definite until December 2003 and intended Plaintiffs to rely on these misrepresentations. Plaintiffs' proposed amendments further assert that Plaintiffs did rely on Defendants' alleged misrepresentations to their detriment. Therefore, Plaintiffs' Motion to Amend the Complaint to include fraudulent misrepresentation and fraudulent concealment is granted.

### 2.  Other State Law Claims

In addition to fraudulent misrepresentation and fraudulent concealment, Plaintiffs seek to amend their Complaint to add negligent misrepresentation, promissory estoppel, unjust enrichment,

and breach of fiduciary duty. Defendants argue that Plaintiffs' amendments as they relate to these state law claims would be futile because the claims would not withstand a motion to dismiss.

### a. Negligent Misrepresentation

Negligent misrepresentation "requires a showing that defendant negligently provided false information and that plaintiff incurred damages proximately caused by its reliance on that information." Highlands Ins. Co. v. Hobbs Group, 373 F.3d 347, 351 (3d Cir. 2004); see also Shapiro, 964 F.2d at 289. A defendant may be found liable to "any reasonably foreseeable recipient" of the information who relies upon it. Id. Therefore, Plaintiffs must include in their pleadings factual allegations to substantiate that (1) Defendants made representations to Plaintiffs that were false, (2) Defendants knew or should have known that those statements were false, (3) Plaintiffs relied on Defendants' misrepresentations, and (4) Plaintiffs suffered damages as a result of their reliance.

In examining futility of a proposed amendment, the Court will adopt a Rule 12(b)(6) standard and accept Plaintiffs' pleadings and any inferences from those pleadings as true. Plaintiffs satisfy the Rule 12(b)(6) standard in pleading negligent misrepresentation and therefore, their motion to amend with regard to this cause of action is granted. Plaintiffs include in their proposed Amended Complaint the following factual allegations: (1) Up and until December 4, 2003, when Plaintiffs were informed that an acquisition agreement had been reached between MONOC and CMC, Defendants misrepresented to Plaintiffs that an agreement was "proposed;" (2) Prior to and following the agreement, Defendants misrepresented to Plaintiffs that they would be offered positions of employment with MONOC "that are the same or better than the positions" they had at CMC in terms of "salaries and wages, employment benefits, job duties, and titles;" (3) Defendants misrepresented

to Plaintiffs that their compensation would not be detrimentally affected by the acquisition; (4) Defendants knew or should have known that Plaintiffs' positions would be terminated and that offers of employment from MONOC would not be comparable; (5) Defendants knew or should have known that the statements regarding employee positions with MONOC were false; (6) Plaintiffs, employees of Defendants, relied upon Defendants' representations regarding their positions and benefits with CMC and MONOC; (7) As a result of their reliance, Plaintiffs suffered financial damages including substantial losses of employment benefits, reduced salaries and wages, financial damages relating to obtaining positions of employment with MONOC that are lower in terms of organizational hierarchy, and different job duties and titles than Plaintiffs' previous positions at CMC. Pls.' Proposed Am. Compl. at ¶¶ 62-68.

The plain language of Plaintiffs' proposed amended pleadings indicates that Plaintiffs reasonably relied on Defendants' representations because of the employer-employee relationship that existed between them. Further, Defendants were central in the acquisition deal with MONOC and therefore, Plaintiffs assert that Defendants were aware of MONOC's offers to Defendants' employees, as Defendants represented to Plaintiff employees in various memoranda. Consequently, Plaintiffs have plead negligent misrepresentation with sufficient factual allegations to withstand a motion to dismiss. Plaintiffs' motion to amend as it pertains to negligent misrepresentation is not futile and is, therefore, granted.

      **b.**    **Promissory Estoppel**

The doctrine of promissory estoppel has four elements: (1) a clear and definite promise, (2) made with the expectation that the promisee will rely upon it, (3) reasonable reliance upon the promise, (4) which results in definite and substantial detriment. Fletcher-Harlee Corp. v.

Pote Concrete Contractors, Inc., 421 F. Supp. 2d 831, 834 (D.N.J. 2006). Plaintiffs submit that they relied on Defendants' promises that the positions Plaintiffs would be offered by MONOC would be comparable to those they had with CMC. Pls.' Proposed Am. Compl. at ¶ 70-71. Plaintiffs further submit that they did not look for or accept alternative employment during the acquisition transition period, but instead, accepted positions with MONOC based on Defendants' promises. Id. at ¶72.

Plaintiffs have failed to allege in their proposed Amended Complaint that Defendants made clear and definite promises regarding their future employment. "Representations" that no agreement was reached between CMC and MONOC until December 2003, do not appear to reach the level of a clear and definite promise required under a claim of promissory estoppel. Similarly, CMC's representations of the benefits available through employment with MONOC are not promises that CMC would be in a position to fulfill given that all positions with CMC were terminated once the acquisition was complete. Therefore, a fair reading of the plain language of Plaintiff's proposed amended count demonstrates that Plaintiffs could not have reasonably relied upon Defendants' representations of benefits offered by MONOC. Accordingly, the Court finds that Plaintiffs' motion to amend, as it relates to promissory estoppel, would be futile and is therefore, denied.

    **c.**    **Unjust Enrichment**

"A party who confers a benefit upon another party outside the framework of an express contractual relationship may seek recovery for unjust enrichment on the basis of a quasi-contractual obligation." Winslow, Corporate Express, Inc., 364 N.J. Super. 128, 143 (N.J. Super. Ct. App. Div. 2003). In the present matter, Plaintiffs allege in their proposed Amended Complaint that based on Defendants' representations that Plaintiffs' positions and benefits would remain unchanged after the acquisition was complete, Plaintiffs continued to work for Defendants during

15

the transition time. Pls.' Proposed Am. Compl. at ¶ 75. Plaintiffs further allege that Defendants received a benefit from Plaintiffs' continued employment because the value of the EMS Division, and therefore, the purchase price, remained high.

Although Plaintiffs allege that they remained employed with CMC based on representations made by Defendants regarding their benefits and positions, Plaintiffs continued to receive their salaries and benefits during the transition time. Therefore, Defendants paid for Plaintiffs' services and received no unjust benefit from Plaintiffs' continued employment during this time. There is no basis for inferring that the CMC-MONOC acquisition would have been affected had Plaintiffs decided to seek alternate employment during the transition time. Alternatively, assuming that a deal had been reached between MONOC and CMC in September 2003, as Plaintiffs allege in their Complaint, prices and conditions would likely have been agreed upon prior to Plaintiffs' reliance on Defendants' representations in October, November, and December 2003, regarding future employment with MONOC. CMC would have had no way of guaranteeing that any of its employees would remain with CMC after learning of the acquisition by MONOC. Therefore, the Court could infer that this factor was included in the negotiations between CMC and MONOC before an agreement was reached. Therefore, Plaintiffs' proposed addition of unjust enrichment would not withstand a motion to dismiss and is futile. Thus, Plaintiffs motion to amend, as it pertains to unjust enrichment, is denied.

    **d. Breach of Fiduciary Duty**

"Generally, corporate directors owe a fiduciary duty only to the corporation's shareholders." Bd. of Trs. v. Foodtown, Inc., 296 F.3d 164, 173 (3d Cir. 2002). Corporate directors must, therefore, act in the interests of the corporation and its owners. Id. Plaintiffs

16

assert that Defendants, Plaintiffs' employer, owed Plaintiffs a fiduciary duty. Pls.' Proposed Am. Compl. at ¶ 79. Plaintiffs allege in their proposed Amended Complaint that Defendants breached their fiduciary duty to Plaintiffs by failing to notify them of the acquisition by MONOC when an agreement was initially reached and by misrepresenting the positions and benefits available with MONOC. Id. at ¶¶ 80-81. Defendants respond that Plaintiffs were at-will employees to whom Defendants did not owe a fiduciary duty. Defs.' Opp. Br. at 11.

The Court knows of no case, and Plaintiffs' Counsel at oral argument could cite no case, which stands for the proposition that employers owe employees a fiduciary duty. In the present matter, Defendants had no obligation to inform Plaintiffs, as at-will employees, of the MONOC acquisition in September 2003, when Plaintiffs allege an agreement was reached. Similarly, Plaintiffs have not plead that CMC was acting as an agent of MONOC when it represented to Plaintiffs the benefits and positions that MONOC would offer Plaintiffs. As Defendants state in their opposition brief, CMC was not a guarantor of the terms and conditions of employment between Plaintiff and MONOC. Defs.' Opp. Br. at 11. Therefore, based on Plaintiffs' pleadings, Defendants did not owe a fiduciary duty to Plaintiffs. Plaintiffs fail to state a claim upon which relief can be granted, which makes their motion to amend, as it pertains to breach of fiduciary duty, futile.

**B.   *ERISA Claim***

Count Seven of Plaintiffs' proposed Amended Complaint alleges Breach and Violation of ERISA. Pls.' Proposed Am. Compl. at 26. On February 7, 2006, Defendants removed this case from the Superior Court of New Jersey to this Court because the Severance Plan at issue is governed by ERISA. Accordingly, Defendants do not oppose Plaintiffs' proposed addition of

Count Seven.  See Defs.' Opp. Br. at 13.  Therefore, Plaintiffs' Motion to Amend, as it pertains to Count Seven, violation of ERISA, is granted.

### III.  CONCLUSION

For the reasons expressed here, the Court finds that Plaintiffs' proposed Count One for fraudulent misrepresentation and Count Two for fraudulent concealment were plead with sufficient particularity pursuant to Rule 9(b).  Similarly, Plaintiffs' proposed Count Three for negligent misrepresentation would withstand a motion to dismiss under Rule 12(b)(6) and therefore, Plaintiffs' amendment would not be futile as to this Count.  However, the Court finds that Plaintiffs' proposed Count Four (promissory estoppel), Count Five (unjust enrichment), and Count Six (breach of fiduciary duty) would not withstand a motion to dismiss and therefore, Plaintiffs' amendment as to these Counts would be futile.  Defendants do not oppose Plaintiffs' proposed addition of Count Seven, Breach and Violation of ERISA.  Therefore, Plaintiffs' Motion for Leave to File a First Amended Complaint is granted as to Counts One, Two, Three, and Seven and is denied as to Counts Four, Five, and Six.  Of course, Defendants reserve the right to file dispositive motions regarding any of Plaintiffs' remaining claims.
An appropriate Order accompanies this Memorandum Opinion

**Dated: December 12, 2006.**